ABRAHAM RUDNEVITZ AND JACOB RUBY, RELATORS, v. THOMAS J. DOWLING, INSPECTOR OF BUILDINGS OF THE CITY OF ORANGE, DEFENDANT.

Submitted January 29, 1926—Decided May 4, 1926.

**Zoning—Stores and Apartment-Houses in Restricted Territory—Plans Conform to Building Code—Case Within Ignaciunas v. Risley.**

On rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued.

Before Justices TRENCHARD and KATZENBACH.

For the relators, *Harry Levin.*

For the defendant, *William A. Calhoun* (*Spaulding Frazer*, of counsel).

PER CURIAM.

This is a zoning case. It is before this court upon a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue to command Thomas J. Dowling, inspector of buildings of the city of Orange, to issue permits to Abraham Rudnevitz and Jacob Ruby, the relators, for the erection of certain buildings in the city of Orange. A stipulation of the facts is embodied in the state of the case. From this stipulation of facts it appears that the relators are the owners of five tracts of land on Heywood avenue and Lincoln avenue, in the city of Orange; that they presented to the inspector of buildings of Orange plans and specifications for the erection of buildings containing stores and apartments upon the first and third tracts, and for apartment-houses on the second, fourth and fifth tracts; that the plans and specifications complied with all the requirements of the building code of Orange; that permits were refused because the premises of the relators were allocated in the zoning ordinance of Orange to a residential district in which the erection of stores and apartments was prohibited. In view of the fact that the sole question involved is whether a store and apartment-house or apartment-houses can be located in residential zone, we are of the opinion that this case is controlled by *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed*, 99 *Id.* 389, and the cases which have followed this decision.

A peremptory writ of *mandamus* is awarded to the relators.